WERNER MACHINE COMPANY, INC., PETITIONER-APPEL-
LANT, v. DIRECTOR OF DIVISION OF TAXATION, DE-
PARTMENT OF THE TREASURY, STATE OF NEW
JERSEY, DEFENDANT-RESPONDENT.

Argued November 29, 1954—Decided December 20, 1954.

Mr. *Leopold Frankel* argued the cause for the appellant (*Messrs. Frankel & Frankel*, attorneys).

Mr. *Harold Kolovsky* argued the cause for the respondent (*Mr. Grover C. Richman, Jr.*, Attorney-General of New Jersey, attorney; *Mr. Joseph A. Murphy*, Assistant Deputy Attorney-General, on the brief).

The opinion of the court was delivered by

BURLING, J.   This is an appeal in a proceeding brought to review a determination of the Division of Tax Appeals, in the Department of the Treasury, State of New Jersey. The taxpayer, Werner Machine Company, Inc., a corporation organized and existing under the laws of the State of New Jersey (hereinafter referred to as Werner) appealed to the Division of Tax Appeals from an assessment of state franchise tax of $458.41 levied by the Director of the Division of Taxation against Werner for the year 1952.   The Division of Tax Appeals affirmed the assessment and dismissed the appeal.   On Werner's appeal from the judgment of the Division of Tax Appeals, in lieu of prerogative writ, *R. R.* 4:88–8, the Superior Court, Appellate Division, affirmed. *Werner Machine Co. v. Director of Div. of Taxation*, 31 *N. J. Super.* 444 (1954).   Werner appealed the judgment of affirmance under *N. J. Const.* 1947, *Art.* VI, *Sec.* V, *par.* 1, clause (*a*).   *Cf. R. R.* 1:2–1(*a*).

The facts are not disputed. Werner filed its 1952 corporation franchise tax return based on the calendar year ending December 31, 1951, under the Corporation Business Tax Act (1945), *L.* 1945, *c.* 162, *p.* 563 *et seq.*, *N. J. S. A.* 54:10*A*–1 *et seq.* The return disclosed ownership by Werner of $400,-091 in United States Government bonds. These bonds were included in Werner's calculation of net worth, upon which the amount of the annual franchise tax was determined. *N. J. S. A.* 54:10*A*–4(*d*). Werner paid the tax under protest and appealed.

The questions involved on the present appeal include whether the Corporation Business Tax Act (1945), *L.* 1945, *c.* 162, *p.* 563 *et seq.*, *N. J. S. A.* 54:10*A*–1 *et seq.*, *supra,* imposes a franchise tax and whether the State has violated those provisions of the Constitution of the United States which vest in Congress the power to borrow money on the credit of the United States, *Art.* I, *Sec.* 8, *clause* 2, and to enact laws necessary and proper therefor, *Art.* I, *Sec.* 8, *clause* 18; and which deny the states the right to pass any law impairing the obligation of contract, *Art.* I, *Sec.* 10, *clause* 1.

The Federal Constitution and laws made in pursuance thereof are the supreme law of the land. *U. S. Const., Art.* VI, *par.* 2. And the Congress of the United States, under the powers hereinbefore adverted to, *U. S. Const., Art.* I, *Sec.* 8, *clauses* 2 and 18, has enacted a law that (*R. S.* § 3701; 31 *U. S. C. A.* § 742):

"Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority."

Comparable legislation has existed since 1863, when Congress declared that United States legal tender notes, as well as bonds and other securities, should be exempt from state taxation. See 12 *Stat.* 710 (1863). Compare 12 *Stat.* 345, 346 (1862); 13 *Stat.* 13, *c.* 17 (1864); 13 *Stat.* 218, *c.* 172 (1864); 13 *Stat.* 425, *c.* 22 (1865); 13 *Stat.* 468, 469,

c. 77 (1865); and 16 *Stat.* 272, *c.* 256 (1870). *Cf. Smith v. Davis*, 323 *U. S.* 111, 65 *S. Ct.* 157, 89 *L. Ed.* 107, 112 (1944).

It had been held by the United States Supreme Court that

"Want of authority in the States to tax the securities of the United States issued in the exercise of the admitted power of Congress to borrow money on the credit of the United States is \* \* \* certain although there is no express provision in the Constitution to that effect." *Hamilton Mfg. Co. v. Massachusetts*, 6 *Wall.* 632, 73 *U. S.* 632, 18 *L. Ed.* 904, 907 (1868).

*Cf. People of New York ex rel. Bank of Commerce v. Com'rs of Taxes for N. Y. City and County*, 2 *Black*, 620, 67 *U. S.* 620, 17 *L. Ed.* 451, 454–456 (1863); *Weston v. City Council of Charleston*, 2 *Pet.* 449, 27 *U. S.* 449, 7 *L. Ed.* 481 (1829); *Newark City Bank v. Assessor*, 30 *N. J. L.* 13, 17–18 (*Sup. Ct.* 1862). The decisions of the United States Supreme Court are binding upon the states. *Pennekamp v. State of Florida*, 328 *U. S.* 331, 335, 66 *S. Ct.* 1029, 90 *L. Ed.* 1295, 1297 (1945). *Cf. Lionel Corp. v. Grayson-Robinson Stores*, 15 *N. J.* 191, 198 (1954), appeal dismissed 75 *S. Ct.* 87 (1954).

■■ The initial inquiry, therefore, is whether the Corporation Business Tax Act (1945), *L.* 1945, *c.* 162, *p.* 563 *et seq., N. J. S. A.* 54:10A–1 *et seq., supra*, imposes a tax upon securities of the United States. We find it does not. The statute expressly declares the imposition of "an annual franchise tax." *L.* 1945, *c.* 162, *sec.* 2, *N. J. S. A.* 54:10A–2. Although it is axiomatic that the legislative nomenclature is not dispositive in these matters, we are of the opinion that a *bona fide* franchise tax is intended and effected by this legislation and that in no way does the statute tax property in the commonly accepted sense of taxation of property. *Cf. Werner Machine Co., Inc., v. Zink*, 6 *N. J. Super.* 188, 193 (*App. Div.* 1950).

■ A franchise tax is a type of excise tax, namely a form of taxation not laid directly upon persons or property.

*Ballentine's Law Dictionary* (1930 *ed.*), *p.* 461. Compare *General Public Loan Corporation v. Director of Div. of Taxation,* 13 *N. J.* 393, 403 (1953). Franchise taxes are of two types, organization taxes, *i. e.,* fees imposed upon the grant of corporate powers, and excises levied periodically, usually annually, upon the franchise or privilege of corporations to do business in the State. *Ballentine's Law Dictionary* (1930 *ed.*), *p.* 525; *Rottschaefer on Constitutional Law* (1939), *sec.* 283, *p.* 661; *Taxation—Minnesota Corporate Franchise Tax as Excise or Property Tax, etc.,* 24 *Minn. L. Rev.* 595, 596 (1940).

In the statute under review the tax is imposed upon the corporation "for the privilege of having or exercising its corporate franchise in this State, or for the privilege of doing business, employing or owning capital or property, or maintaining an office, in this State * * *." *Sec.* 2, *N. J. S. A.* 54:10A–2, *supra.* Dissolution, merger, consolidation or withdrawal of authority to exercise the corporate franchise is forbidden unless the tax is paid. *L.* 1945, *c.* 162, *sec.* 12, as am. *L.* 1947, *c.* 51, *sec.* 1; *N. J. S. A.* 54:10A–12. Foreign corporations are subjected to revocation of authority to do business in this State in the event of failure to pay the tax, *L.* 1945, *c.* 162, *sec.* 21; *N. J. S. A.* 54:10A–21; and domestic corporations are subject to forfeiture of their charters in the event of failure to pay the tax, *L.* 1945, *c.* 162, *sec.* 22; *N. J. S. A.* 54:10A–22. We find nothing in the statute indicative of a tax upon the property owned by the corporation, nor upon a franchise as "property."

█ Turning to the second question involved, we are of the opinion that in the respects challenged the Corporation Business Tax Act (1945), *supra,* is a valid franchise tax and that the federal bonds are properly included in the calculations of net worth under *L.* 1945, *c.* 162, *sec.* 5, as amended by *L.* 1947, *c.* 50, *sec.* 2; *L.* 1948, *c.* 459, *sec.* 2. *Cf. L.* 1953, *c.* 236, *sec.* 1, *N. J. S. A.* 54:10A–5.

The tax is imposed upon the corporation for the privilege of exercise by the corporation of corporate powers in this

State. The measure of the tax is the net worth or present value of the investment in the corporation and the tax is not levied upon the property owned by the corporation, nor is it measured by the nature or source of the securities in which some or all of the assets of the corporation are invested. It may be said that a franchise tax imposed upon a corporation for the privilege of doing business under a corporate charter is based upon the potential of the corporation for doing business under the sanction and protection of the laws of the State. *Cf. Corporations—Theory of Organizational Franchise Taxation—Michigan Franchise Tax, 48 Mich. L. Rev.* 1130, 1132–1133 (1950).

Property taxation and excise taxation have been said to be distinct and easily distinguishable. *Hamilton Mfg. Co. v. Massachusetts, supra,* (6 *Wall.* 632, 18 *L. Ed.* at *p.* 907). And it was early settled that the privileges and franchises of a private corporation are legitimate subjects of state taxation. *Id.* (6 *Wall.* 632, 18 *L. Ed.* at *page* 906). The United States Supreme Court held in the *Hamilton Mfg. Co.* case, *supra,* that the franchise taxing power of the state "is wholly unaffected by the fact that corporation or individual has or has not made investments in Federal securities." *Id.* (6 *Wall.* 632, 18 *L. Ed.* at *page* 906). *Cf. Society for Savings v. Coite,* 6 *Wall.* 594 (73 *U. S.* 594, 18 *L. Ed.* 897 (1868); *Home Ins. Co. of New York v. State of New York,* 134 *U. S.* 594, 10 *S. Ct.* 593, 33 *L. Ed.* 1025, 1031–1032 (1890). Compare the decisions of the United States Supreme Court holding valid statutes calling for inclusion of the value of United States bonds, owned by a decedent, in measuring an inheritance tax. *Plummer v. Coler,* 178 *U. S.* 115, 20 *S. Ct.* 829, 44 *L. Ed.* 998 (1900); *Blodgett v. Silberman,* 277 *U. S.* 1, 48 *S. Ct.* 410, 72 *L. Ed.* 749 (1928). The foregoing principles relative to franchise taxation were reiterated in *Tradesmens National Bank of Oklahoma City v. Oklahoma Tax Commission,* 309 *U. S.* 560, 564, 60 *S. Ct.* 688, 691, 84 *L. Ed.* 947, 950 (1940), in which the United States Supreme Court held that:

"The power of a state to levy a tax on a legitimate subject, such as a franchise, measured by net assets or net income *including tax-exempt federal instrumentalities* or their income is * * * well settled. * * *" (Italics supplied.)

Werner argued that the decision of the United States Supreme Court in *New Jersey Realty Title Ins. Co. v. Division of Tax Appeals*, 338 *U. S.* 665, 70 *S. Ct.* 413, 94 *L. Ed.* 439 (1950), reversing the decision of this court, 1 *N. J.* 496 (1949), is applicable and dispositive in the present matter. The United States Supreme Court in the *New Jersey Realty Title Ins. Co.* case, *supra,* did not overrule *Tradesmens National Bank of Oklahoma City v. Oklahoma Tax Commission,* *supra,* nor the earlier decisions of the United States Supreme Court which expressed the same construction of the Federal Constitution and laws, namely that a state has power to enact a tax, such as a franchise tax, measured by net assets or net income including tax exempt federal securities or their income, including *Society for Savings v. Coite; Hamilton Mfg. Co. v. Massachusetts* and *Home Ins. Co. of New York v. State of New York, supra.* It is these decisions that are controlling here. In the *New Jersey Realty Title Ins. Co.* case, *supra,* this court had held that the tax under the statute therein involved, *R. S.* 54:4–22, was not a franchise tax but was a tax upon the net worth of the company (1 *N. J.* at *page* 502). The United States Supreme Court held that tax to be a levy that was imposed upon the property of corporations as contradistinguished from a tax on their privileges or franchises. (338 *U. S.* at *page* 674, 70 *S. Ct.* at *page* 418, 94 *L. Ed.* at *page* 446). The statute involved in the present appeal is distinguishable from *R. S.* 54:4–22, *supra.*

■■ Werner contended that the State is forbidden to do indirectly that which it may not do directly. We agree that constitutional limitations may not be set at naught by indirection by the Legislature. See *McCutcheon v. State Building Authority,* 13 *N. J.* 46, 57–58 (1953). *Cf. Newark City Bank v. Assessor, supra.* The philosophy is not applicable

here. *Cf. Tradesmens National Bank of Oklahoma City v. Oklahoma Tax Commission, supra* (309 *U. S.* 560, 60 *S. Ct.* 688, 84 *L. Ed.* at *page* 951) ; *Home Ins. Co. of New York v. State of New York, supra* (134 *U. S.* 594, 10 *S. Ct.* 593, 33 *L. Ed.* at *page* 1029). The applicable decisions of the United States Supreme Court permit the State *directly* to tax corporations for the privilege of exercising their corporate franchises, including in the measure of *such* a tax the value of federal tax exempt securities. There is no indirect method here such as was disapproved by the United States Supreme Court in the *New Jersey Realty Title Ins. Co.* case, *supra* (338 *U. S.* at *pages* 670, 674, 70 *S. Ct.* at *pages* 416, 418, 94 *L. Ed.* at *pages* 444, 446). *Cf. State of Missouri ex rel. Missouri Ins. Co. v. Gehner,* 281 *U. S.* 313, 50 *S. Ct.* 326, 74 *L. Ed.* 870 (1930) ; *Macallen Co. v. Commonwealth of Massachusetts,* 279 *U. S.* 620, 49 *S. Ct.* 432, 73 *L. Ed.* 874 (1929).

▮ Finally, Werner argued that the taxing statute in question is not a franchise tax act because it provides that the tax levied is in lieu of other taxes upon intangible personal property. *L.* 1945, *c.* 162, *sec.* 2 ; *N. J. S. A.* 54 :10*A*–2, *supra.* Compare the *Macallen Co.* case, *supra.* We find no merit in Werner's argument for application of the *Macallen Co.* case, *supra,* to the Corporation Business Tax Act (1945), *supra.* There is authority in decisions of the United States Supreme Court indicating that under some circumstances a corporate franchise tax of the privilege category (*i. e.,* as distinguished from the organization or charter fee category) may be made a "just equivalent" of other taxes, in other words, in lieu of other taxes. See, for example, *Postal Telegraph Cable Co. v. Adams,* 155 *U. S.* 688, 697–700, 15 *S. Ct.* 268, 360, 39 *L. Ed.* 311, 316–317 (1895). And there is no state or federal constitutional provision specifically requiring the State of New Jersey to exhaust at any one time all forms of taxation constitutionally available to it, nor expressly requiring it to enact any one form or method of taxation in preference to another.

■ In this instance, *i. e.*, the Corporation Business Tax Act (1945), *supra*, the Legislature may have reserved the power to tax the subject corporations' intangible personal property if the need shall arise in the future. In doing so, as a by-product, the Legislature relieved the subject corporations for the present, of tax burdens on intangible personal property. This also served the State by reducing the present need for administrative personnel involved in the functions of assessment and collection of taxes on intangible personal property which formerly may have been applied to property of the corporations subject to this tax upon them for the privilege of exercising their franchises. *Cf. Atlantic City Transp. Co. v. Director, Div. of Taxation*, 12 *N. J.* 130, 135 (1953).

For the reasons expressed in this opinion the judgment of the Superior Court, Appellate Division, is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.